IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WEI ZHANG ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1301-PRW |
| ) | |
| SCARLET GRANT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Before the Court is a Report and Recommendation (Dkt. 16), which recommends that the Court grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and order Respondents to release Petitioner. Respondents timely objected (Dkt. 17) and Petitioner responded (Dkt. 18). For the reasons given below, the Court declines to adopt the Report and Recommendation (Dkt. 16) and **DENIES** the Petition (Dkt. 1).

### *Background*

This is a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner has resided in the United States since approximately 2005, and in July 2016, Petitioner was granted lawful permanent residency status.[2] In January 2024, Petitioner pled guilty to a Oklahoma drug trafficking felony and received a 10-year sentence, which was suspended upon Petitioner's completion of a drug program.[3] Following his release from the Oklahoma

---

[1] "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

[2] R&R (Dkt. 16), at 1.

[3] *Id.* at 1–2.

Department of Corrections, Petitioner was handed over to the Department of Homeland Security on October 31, 2024, when he was issued a Notice to Appear ("NTA").[4] The NTA charged Petitioner with removability under 8 U.S.C. § 1227(a)(2)(B)(i), as he was an alien convicted of a state controlled substance law.[5] While removal proceedings pursuant to the first NTA were terminated without prejudice on November 22, 2024, a second NTA was issued on November 25, 2024, charging him again with removability.[6] An Immigration Judge ordered Petitioner removed to China on April 9, 2025, and terminated his lawful permanent residency status, but the IJ also deferred Petitioner's removal under the Convention Against Torture.[7] Petitioner's removal period began on May 27, 2025, when the appeal on his order of removal was dismissed.[8]

Petitioner asserts four claims in his Petition, (1) seeking declaratory relief on multiple fronts, (2) seeking release for the government's failure to comply with the procedural requirements of 8 C.F.R. §§ 241.4 and 241.13, (3) alleging a due process violation as his period of civil detention is unconstitutionally long and punitive, and (4) arguing the Respondents violated the "arbitrary and capricious" standard in 5 U.S.C. § 706(2)(A).

---

[4] *Id.* at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 7–8.

*Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[9] An objection is "proper" if it is both timely and specific.[10] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[11] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[12] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[13]

*Analysis*

**I.   Petitioner has not demonstrated any regulatory violations.**

Petitioner asserts a few claims relating to ICE's alleged regulatory failures. Petitioner first alleges Respondents violated the INA by not finding under § 241.4(e)–(g) that Petitioner is a candidate for release. He then alleges that Respondents failed to comply with § 241.13, but for reasons discussed below, that claim was premature at the time he

---

[9] Fed. R. Civ. P. 72(b)(3).

[10] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[11] *Id.* (citation and internal quotation marks omitted).

[12] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[13] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

brought this action.[14] Further, Petitioner, in his Reply brief, levies new allegations at Respondents that were not made in his Petition, challenging that Respondents did not comply with 8 C.F.R. § 241.4(c)(2), which requires that the Executive Associate Commissioner, acting through the Headquarters Post-order Detention Unit (HQPDU), make custody determinations after the three-month post-removal period. Petitioner alleges that there is no evidence that the HQPDU performed the review, as Respondents' exhibits only indicate that two deportation officers performed the review. This is a new claim, which the Court declines to address.[15] Further, even if the Court were to consider the new claim, the Court notes that Petitioner has failed to carry his burden that the HQPDU did not perform the review. There is no evidence that the two officers who participated in reviewing Petitioner's detention were not HQPDU members, and the presumption of regularity attaches to government agencies.[16] Petitioner cannot weaponize Respondents' exhibits filed in response to his Petition to lodge new, speculative claims. Petitioner relies on perceived omissions in Respondents' exhibits to infer regulatory violations that were not raised in the Petition. Respondents were not required to anticipate and negate

---

[14] "The HQPDU has no obligation to release an alien under this section until the HQPDU has had the opportunity during a six-month period, dating from the beginning of the removal period (whenever that period begins and unless that period is extended as provided in section 241(a)(1) of the Act), to make its determination as to whether there is a significant likelihood of removal in the reasonably foreseeable future."

[15] *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)).

[16] *U.S. Postal Service v. Gregory*, 534 U.S. 1, 10 (2001) (citing *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15 (1926)).

speculative claims that had not yet been asserted, and the absence of specific information in an exhibit does not establish that a regulatory violation occurred.[17]

As to his claim that he did not receive a 180-day post-order custody review, Respondents have rebutted that argument by providing a record of the interview.[18] Two interviewers, as well as Petitioner, signed off on the form evidencing an interview occurred on September 15, 2025.[19] Further, Petitioner later received an official Decision to Continue Detention from ICE, which stated his custody status had been reviewed and his detention would continue.[20] While Petitioner claims that Respondents failed to satisfy the factors in 8 C.F.R. §§ 241.4(e), (f), and (g) to justify his continued detention, the Court points out two things. First, Petitioner's underlying offense, which rendered him removable, was a 2024 drug trafficking conviction in which he was hauling *110 pounds* of marijuana.[21] Second, 8 C.F.R. § 241.4(e)(4) *requires* the panel to conclude that the detainee doesn't pose a threat to the community. In the Decision to Continue Detention, one of the reasons for Petitioner's continued detention was listed as his "pos[ing] a significant risk of public

---

[17] Petitioner also raises for the first time in his Reply an argument that he was denied an interpreter pursuant to 8 C.F.R. § 241.13(e)(5). The Court declines to consider arguments raised for the first time in a reply brief. Even if considered, Petitioner has not met his burden to establish that an interpreter was not provided. Although one exhibit contains a blank field for interpreter information, a blank entry does not establish that no interpreter was provided such that the Court finds it appropriate to explore this new claim without first having Respondents address it.

[18] Record of Personal Interview, (Dkt. 12, Ex. 7).

[19] *Id.* at 3.

[20] *Id.* at 5.

[21] Resp. (Dkt. 12), at 3.

safety."²² Because the test in 8 C.F.R. § 241.4(e) is conjunctive, this is sufficient to continue Petitioner's detention.

For all of these reasons, too, the Court denies Petitioner's claims for declaratory relief as they relate to the claimed regulatory violations.

## II. Petitioner has failed to show a due process violation.

Petitioner's removal period began on May 27, 2025.²³ He filed this claim on November 3, 2025, more than three weeks before *Zadvydas*'s presumptively constitutional six-month detention period lapsed.²⁴ Therefore, the Court rejects Petitioner's due process claim as unripe.

"[W]hether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution[.]"²⁵ Further, "[f]ederal jurisdiction is determined based on the facts as they existed at the time the complaint was filed."²⁶ Petitioner's claim was not constitutionally ripe at the time of his filing his Petition.²⁷ At the time he filed his

---

²² Record of Personal Interview, (Dkt. 12, Ex. 7), at 5.

²³ R&R (Dkt. 16), at 8.

²⁴ *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

²⁵ *North Mill Street, LLC v. City of Aspen*, 6 F.4th 1216, 1227 (10th Cir. 2021) (quoting *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996) (internal quotation marks omitted)).

²⁶ *Ravenswood Inv. Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).

²⁷ As the 10th Circuit borrows the traditional standing doctrine to evaluate constitutional ripeness, Petitioner must show he "[has] (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *North Mill Street*, 6 F.4th at 1229 (internal quotations and citations omitted).

Petition, he did not suffer an injury in fact, as his detention was both legally and constitutionally permissible. Other courts have recognized that an unripe *Zadvydas* claim is grounds for dismissal without prejudice.[28] And there are prudential reasons for this. It would be improper to deprive the government of the presumptively constitutional six-month period in which it can affect removal by essentially stopping the clock at the time the petition is filed. The unfairness to the government would be prejudicial by only allowing its argument that removal is substantially likely in the reasonably foreseeable future to be based on briefing before *Zadvydas's* six-month timer runs out. In this case, at the time Respondents responded to the Petition, there were still four pending Requests for Acceptance of Alien to third countries.[29] Accordingly. Petitioner has not rebutted the presumption that *Zadvydas's* six-month detention window was unconstitutional.

Because subject matter jurisdiction can never be waived, the Court cannot proceed on this claim.[30] The Court further denies Petitioner's claims for declaratory relief as they relate to Petitioner's contention that he has shown his removal in the reasonably foreseeable future has no significant likelihood of occurring. These claims may be brought in a subsequent petition.

---

[28] *See, e.g., Akinwale v. Ashcroft*, 287 F.3.d 1050, 1052 (11th Cir. 2002) (per curiam) ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."

[29] Resp. (Dkt. 12), at 4.

[30] *Setzer v, Farmers Ins. Co., Inc.*, 185 Fed. Appx. 748, 752 (10th Cir. 2006) (quoting *Hufman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1076 (10th Cir. 1999)).

### III.     Respondents' decision to continue Petitioner's detention is not arbitrary and capricious.

Finally, Petitioner raises half-hearted claims for relief under 5 U.S.C. § 706(2)(A), which provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" Petitioner claims that Respondents have failed to both articulate reasoned explanations for Petitioner's continued detention and for their supposed deviations from compliance with 8 C.F.R. §§ 241.4 and 241.13. Petitioner also claims that Respondents considered factors other than those which Congress permitted in making custody determinations. The Court rejects these arguments.

As previously stated, Petitioner was convicted in 2024 of a serious drug trafficking offense, and Respondents stated in their notice to Petitioner that his continued detention was based in part on his threat to public safety. "[A]gencies need not supply comprehensive explanations and record citations for each and every conclusion."[31] The record indicates that Respondents were aware of Petitioner's drug trafficking conviction before his detention was continued.[32] Accordingly, the Court finds that Respondent's decision to continue Petitioner's detention was reasonable.

---

[31] *Kennecott Copper Corp. v. EPA*, 612 F.2d 1232, 1236 (10th Cir. 1979) (citing *Seacoast Anti-Pollution League v. Costle*, 597 F.2d 306, 311–12 (1st Cir. 1979)).

[32] Notice to Appear (Dkt. 12, Ex. 5), at 4.

Further, as for Petitioner's claim that Respondents acted arbitrarily and capriciously in not abiding by 8 C.F.R. §§ 241.4 and 241.13, the Court rejects this argument, as it has found that Petitioner has failed to show a violation of those regulations.

Finally, Petitioner, in his Petition, claims that "Respondents' decisions have considered factors that Congress did not intend to be considered, have entirely failed to consider important aspects of the case, and have offered explanations for their decisions that run counter to the evidence before the agencies."[33] Petitioner does not expand on this claim at all, and it is unclear what improper factors were considered. Because Petitioner has not attempted to develop this claim, the Court rejects it too.

## Conclusion

Accordingly, the Court declines to adopt the Report and Recommendation (Dkt. 16) and **DENIES** the Petition (Dkt.1). A separate judgment will follow.

**IT IS SO ORDERED** this 3rd day of February 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[33] Pet. (Dkt. 1), ¶98.